Heather N. Phillips Esq. (SBN:326022)
**THOMPSON & BELNAP**
400 S. Melrose Drive, Suite 111
Vista, CA 92081
Telephone: (760) 705-1334
Facsimile: (760) 705-1349
Email: hphillips@tandblegal.com

Attorney for Movant, FORTUNE WAY WESTERN, LLC

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| In Re | Case No. 3:24-bk-01918-CL7 |
|---|---|
| MOTO DESIGN GROUP INC., | Chapter 7 |
| Debtor. | RS No.: HNP-1 |
| | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AND ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. §362(d)(1) OR 11 U.S.C. §362(d)(2) (UNLAWFUL DETAINER)** |
| | Judge: Hon. Christopher B. Latham |
| | Department: 1 |
| | Room: 218 |

**NOTICE OF HEARING**

**Notice is hereby given that:**

**A hearing will be held on the motion at the convenience of the Court before the Honorable Christopher B. Latham in Department 1, Room 218, located at 325 West F Street, San Diego, CA 92101.**

- 1 -
**MEMORANDUM OF POINTS AND AUTHORITIES**

**TO THE COURT, THE DEBTOR, THE TRUSTEE AND OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Fortune Way Western LLC., requests a hearing on their Motion for Relief from the Automatic Stay (the "Motion") in the above entitled and numbered Chapter 7 Bankruptcy matter on an exparte or shortened notice basis pursuant to 11 U.S.C. §362(d)(1) and/or 11 U.S.C. §362(d)(2). The Debtor has no right to continued occupancy of the commercial property located at 2530 Fortune Way, Vista California 92081, and Movant as the title owner of the commercial property with a valid unlawful detainer judgment entered for possession of the commercial property, Movant is the only entity entitled to possession of the same. Movant seeks relief from the automatic bankruptcy stay to immediately take and secure possession of the commercial property.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

FORTUNE WAY WESTERN, LLC. ("Movant") requests the Court grant it relief from the automatic stay to allow it to exercise its rights in the commercial real property located at 2530 Fortune Way, Vista California 92081 ("Premises"). The Premises was previously occupied by the Debtor. In February of 2024, Movant initiated an Unlawful Detainer Action against Debtor and its Principal, Kent Riches ("Principal"). On May 3, 2024, Movant, Debtor and the Principal executed a Stipulated Judgment wherein Debtor and Principal agreed that the lease agreement between the parties for the Premises was terminated and the parties agreed that Debtor and Principal would vacate the Premises on or before May 31, 2024. The parties' Stipulated Judgment for possession of the Premises only was entered by the court on May 6, 2024. One day before the Debtor and Principal were to surrender possession of the Premises to Movant, Debtor filed the instant Bankruptcy action.

Both the Debtor and the Principal have terminated their lease agreement with Movant, agreed to vacate the Premises, and confirmed that Debtor and Principal did

vacate the Premises and as a result now no longer has any interest in the Premises. Accordingly, Movant is now requesting an order from this Court confirming that the automatic bankruptcy stay does not apply to any action Movant takes to reclaim and secure the Premises, or in the alternative, Movant seeks an order from this Court relieving Movant from the automatic bankruptcy stay in Movant's Unlawful Detainer action to allow Movant to take legal action necessary to reclaim possession of the Premises.

## II.   STATEMENT OF FACTS

### A.   *Jurisdiction.*

Pursuant to Title 28 U.S.C. §§ 157 and 1334, this Court holds jurisdiction over this matter. This Motion is brought pursuant to Title 11 U.S.C § 362(d) and Federal Rules of Bankruptcy Procedure Rule 4001(a)(2).

### B.   *Debtors.*

Debtor Moto Design Group, Inc. ("Debtor") filed its petition under Chapter 7 of the Bankruptcy code on May 30, 2024.

### C.   *Movant Is Legal Owner of the Premises in Question.*

Movant is the legal record title owner of the Premises commonly known as 2530 Fortune Way, Vista California 92081. (See Declaration of Gregory Belnap ("Belnap Decl.") at p.2 ¶6.)

### D.   *Debtors have No Ownership Interest in the Premises.*

The Debtor and its Principal previously held a leasehold interest in the Premises that has since been terminated as result of the Stipulated Judgment was entered in Movant's Unlawful Detainer action on June 6, 2024. (See Declaration of Heather N. Phillips ("Phillips Decl.") at p.2 ¶5-8.) Debtor has never held any ownership interest of any kind in the Premises. (Belnap Decl. at p.2 ¶6-9 .)

### E.   *Movant's Unlawful Detainer Action for the Premises.*

On January 26, 2024, Movant served Debtor with a 30-Day Notice to Quit, notifying Debtor and its Principal that their lease agreement for the Premises was

terminated and demanding Debtor and its Principal vacate the Premises. (Phillips Decl. at p.2 ¶6; Request for Judicial Notice ("RJN") at **Exhibit 1** at p 36.) By February 28, 2024, Debtor and Principal had not vacated the Premises and Movant commenced an Unlawful Detainer proceeding in the Central Division of the San Diego County Superior Court, which bears the Case number 37-2024-00009238-CU-UD-CTL ("Unlawful Detainer Action"). (Phillips Decl. at p.2 ¶7; RJN at **Exhibit 1**.)

On May 6, 2024, a Stipulated Judgment for Possession and Order Theron ("Stipulated Judgment") for possession of the Premises only was entered by the court. (Phillips Decl. at p.2 ¶8; RJN at **Exhibit 2**; Belnap Decl. at p.2 ¶9.) Pursuant to the Stipulated Judgment, the lease agreement between the Parties was terminated and the Debtor and its Principal were to vacate the Premises no later than May 31, 2024, and Debtor and Principal were to notify Movant upon vacating the Premises and return all copies of the keys to the Premises. (Phillips Decl. at p.2 ¶8-10; RJN at **Exhibit 2**.)

Unbeknownst to Movant, on or around May 30, 2024, Debtor filed for Chapter 7 Bankruptcy Protection triggering an automatic stay of the Unlawful Detainer Action as well as any legal action Movant must take to regain possession of the Premises. (Belnap Decl. at p.2 ¶10.) On June 3, 2024, Movant obtained confirmation that Debtor and its Principal had indeed vacated the Premises but had not returned the keys to the Premises and on that same day Movant learned that the instant bankruptcy action had been filed. (Phillips Decl. at p.2-3 ¶11-12; **Exhibit 4**.)

### F. *Operation of the Automatic Stay*

The operation of the automatic stay in this case precludes Movant from proceeding with any attempts to enforce the Stipulated Judgment in the Unlawful Detainer Action or actions necessary to recover possession of the Premises pursuant to 11 U.S.C. § 362(a)(1).

/ / /

/ / /

/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES**

### III.   ARGUMENT

**A.   Relief From The Automatic Stay Is Appropriate In This Case Because Post-Judgment Enforcement of an Unlawful Detainer Judgment is Not A Violation Of The Automatic Stay**

It is a well-settled principle that continued enforcement of an unlawful detainer judgment entered prior to the bankruptcy filing does not violate the automatic bankruptcy stay. *See Lee v. Baca*, 73 Cal. App. 4th 1116, 117-18. Further it is well settled that a debtor-tenant has no legal or equitable interest in a leased property once a judgment for possession has been entered in favor of the landlord. *See Marquand v. Smith*, 105 B.R. 50, 53-54. While the bankruptcy stay is applicable to any action to "obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate, Bankruptcy Courts must look to state law to determine whether and to what extent the debtor has any legal or equitable interests in the property as of the commencement of the case. *See Butner v. United States*, 440 U.S. 48, 54-55.

The Debtor in this case has an unlawful detainer judgment entered for *possession only* of the Premises. (Phillips Decl. at p.2 ¶8; RJN at **Exhibit 2**; Belnap Decl. at p.2 ¶9.) The Debtor therefore holds no legal or equitable title to the Premises. Debtor's unlawful detainer counsel confirmed that Debtor had vacated the Premises prior to filing the instant bankruptcy action, therefore Debtor lacks even a mere possessory interest in the Premises. (Phillips Decl. at p.2-3 ¶11, p. 4 ¶22; **Exhibit 4**; RJN at **Exhibit 2**.) As such, the debtor-tenant's estate has absolutely no interest in the Premises itself, and the Debtor has no right to any continued occupancy of the Premises. Further, as the Stipulated Judgment was for possession of the Premises only, there is no monetary judgment against the Debtor or the Debtor's estate which is the subject of the instant Bankruptcy action. With regard to any of debtor's property left within the Premises when Debtor vacated, Movant claims no interest in said property.

### B. Relief From The Automatic Stay Is Appropriate In This Case Because There Is Just Cause For Permitting Movant to Reclaim Possession Of The Premises In This Case

Further, 11 U.S.C. § 362(d)(1) provides that the court may grant relief from an automatic stay: "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1) Whether there is cause under § 362(d)(1) to grant relief from the automatic stay is a matter within the discretion of a bankruptcy court and is decided on a case-by-case basis. *See J E Livestock, Inc. v. Wells Fargo Bank, N.A.*, 375 B.R. 892 (B.A.P. 10th Cir. 2007).

11 U.S.C. § 362(d)(2) focuses on automatic stay affecting real property interest and provides the following requirements on a grant of relief: "[T]he debtor does not have an equity in such property[.]" 11 U.S.C. § 362(d)(2)(A) Additionally, "such property is not necessary to an effective reorganization[.]" 11 U.S.C. § 362(d)(2)(B)

In this case, Movant is entitled to relief from the automatic stay because both provisions of § 362(d) apply in this case.

#### 1. *Movant's Interest in the Premises Is Inadequately Protected*

While the Debtor has refused to deliver the keys to the Premises to Movant, the Debtor's own counsel has confirmed that Debtor and its Principal have vacated the Premises. (Phillips Decl. at p.2-3 ¶11.) Upon information and belief, Debtor has left or abandoned a large amount of property inside the Premises. The vacant condition in which the Debtor has left the Premises poses a heightened risk of crime, third party danger and potential loss. (Phillips Decl. at p.3 ¶14-15, p. 4 ¶19-21; Belnap Decl. at p.2-3 ¶11-14; p.4 ¶24.) Unknown third parties have been witnessed at the Premises going through dumpsters and items left behind by the Debtor. (Phillips Decl. at p.3 ¶14; Belnap Decl. at p.4 ¶24.) The longer the Premises remains unoccupied, the greater the risks become. As such, Movant's ownership interest in the Premises is not adequately protected in the Premises' current vacant condition and Movant must take action to secure the Premises from these risks of harm and loss. (Phillips

Decl. at p.4 ¶20-21; Belnap Decl. at p.4 ¶24.)

### 2. *Debtor Holds No Equity in The Premises*

As was discussed above, Movant is the title owner of the Premises and Debtor's interest in the Premises, if any, was terminated with the entry of the Stipulated Judgment entered against Debtor on May 6, 2024, wherein the lease agreement between Movant and Debtor was terminated and Movant was granted possession of the Premises. (Phillips Decl. at p.2 ¶8; Belnap Decl. at p.2 ¶9; RJN at **Exhibit 2**.) Further, Debtor has vacated the Premises at or prior to filing the instant Bankruptcy petition, and therefore no longer even holds a possessory interest in the Premises. (Phillips Decl. at p.2-3 ¶11; **Exhibit 4**.) Once a movant under 11 U.S.C. § 362(d)(2) establishes that a debtor or estate has no equity in Premises, it is the burden of the debtor or trustee to establish that the collateral at issue is necessary to an effective reorganization. 11 U.S.C. § 362(g)(2); *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs. Ltd.*, 484 U.S. 365, 375–76 (1988). Therefore, because Debtor lacks any recognizable equity interest in the Premises, the conditions required under 11 USC § 362(d)(2) are satisfied and relief from the automatic stay is warranted.

### 3. *The Premises is not necessary to an Effective Reorganization*

In light of the foregoing lack of ownership, equitable, or possessory interest in the Premises, it is clear that the Premises itself has no bearing on the proper administration or reorganization of Debtor's bankruptcy estate. (Phillips Decl. at p.2-3 ¶7-11.)

### IV.  **CONCLUSION**

For the foregoing reasons, Movant prays that this Court enter an order

(1) Confirming that Movant and Movant's Unlawful Detainer Action, filed in the San Diego Superior Court as Case number 37-2024-00009238-CU-UD-CTL are not subject to the automatic bankruptcy stay in this instant Chapter 7 Bankruptcy matter;

(2) Granting Movant's request for relief from the automatic bankruptcy stay

**MEMORANDUM OF POINTS AND AUTHORITIES**

and ordering that Movant, and any successors and assigns, may proceed under applicable nonbankruptcy law to enforce Movants remedies to obtain possession of the commercial property commonly known as 2530 Fortune Way, Vista, County of San Diego, California 92081;

(3) Declaring that the fourteen day stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived; and

(4) Declaring that a designated law enforcement office may evict the Debtor and any other occupant from the Premises regardless of any future bankruptcy filing concerning the Premises for a period of 180 days from the hearing of this Motion without further notice.

Dated: June 19, 2024

Respectfully submitted,
**THOMPSON & BELNAP**

By:/s/ Heather N. Phillips
Heather N. Phillips, Esq.
*Attorney for Movant,*
FORTUNE WAY WESTERN, LLC.

**MEMORANDUM OF POINTS AND AUTHORITIES**